**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ROUNDUP PRODUCTS LIABILITY LITIGATION, <br><br> ------------------------------ <br><br> SCOTT GILMORE; JULIO EZCURRA; SHERRY HANNA; KRISTY WILLIAMS; AMANDA BOYETTE; JAMES WEEKS; ANTHONY JEWELL; PAUL TAYLOR, <br><br>    Plaintiffs-Appellees, <br><br> v. <br><br> RYAN TOMLINSON; CAROL RICHARDSON, <br><br>    Objectors-Appellants, <br><br> v. <br><br> MONSANTO COMPANY, <br><br>    Defendant-Appellee. | No. 23-15611 <br><br> D.C. No. 3:21-cv-08159-VC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted May 15, 2024

---

    [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before: GOULD, N.R. SMITH, and MENDOZA, Circuit Judges.

Plaintiffs and Monsanto Company ("Monsanto") reached a nationwide class settlement agreement resolving Plaintiffs' claims that Monsanto omitted information on the labeling of its "Roundup" products to warn about the products' alleged carcinogenic properties. Ryan Tomlinson and Carol Richardson ("Objectors") objected, alleging that the settlement process involved collusion and that the settlement would extinguish higher-value claims in their state class action in Missouri. The district court considered and rejected Objectors' concerns and granted Plaintiffs' motion for final approval and for certification of the nationwide class for purposes of settlement. Objectors appeal, contending that the district court: (1) abused its discretion in approving the class action settlement given warning signs of collusion; (2) abused its discretion in approving the class action settlement because the settlement extinguished higher-value claims in Objectors' Missouri action; and (3) erred by relying on the parties' use of a mediator. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"The settlement of a class action must be fair, adequate, and reasonable." *Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015) (citing Fed. R. Civ. P. 23(e)(2)). "We review a district court's approval of a class action settlement for clear abuse of discretion." *McKinney-Drobnis v. Oreshack*, 16 F.4th 594, 606 (9th

2

Cir. 2021) (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 940 (9th Cir. 2011)). Although the district court "must undertake a stringent review," our "review of the district court's reasoning is 'extremely limited.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 895 F.3d 597, 609 (9th Cir. 2018) (citation omitted). We "will affirm" if the district court "applies the proper legal standard and [its] findings of fact are not clearly erroneous." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). A district court clearly errs only if its factual findings "are (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the record." *B.K. ex rel. Tinsley v. Snyder*, 922 F.3d 957, 965–66 (9th Cir. 2019).

    1. In *Bluetooth*, we cautioned courts to "be particularly vigilant" of potential collusion, considering "more subtle signs" such as: (1) disproportionate distribution of the settlement to class counsel; (2) a "clear sailing" arrangement for the payment of attorneys' fees separate and apart from class funds; or (3) an agreement that fees not awarded revert to defendants rather than class members. 654 F.3d at 947. Objectors contend that the district court's *Bluetooth* analysis was deficient, and that the *Bluetooth* signs and other signs of collusion triggered the heightened scrutiny requirement here. These concerns are unwarranted. Citing *Bluetooth*'s heightened scrutiny requirement, in addition to analyzing whether the settlement was fair, adequate, and reasonable, the district court explicitly

considered Objectors' concerns and rejected them. The district court made reasonable factual findings, including: that there was no evidence of a reverse auction between Plaintiffs and Monsanto; that the settlement amount and compensation rates appeared fair and adequate; and that there was no evidence of collusion or inadequate representation. Additionally, the district court did not tacitly accept Plaintiffs' counsel's request for attorneys' fees. The district court corrected Plaintiffs' counsel's mistake in how to calculate the twenty-five-percent benchmark, lowered the fee award by almost half, reduced Plaintiffs' counsel's requested costs by more than two-thirds, and ordered that additional funds go to class members rather than to Monsanto.

2. The district court did not abuse its discretion by rejecting Objectors' argument that the nationwide class action settlement would extinguish higher-value claims in Objectors' Missouri class action. The district court considered Objectors' concerns in detail, reasonably concluding that the Missouri action pursued the same methodology for measuring damages; that the Missouri action was vulnerable to similar weaknesses before a jury; that the Missouri action included claims similar to claims brought in Delaware and other states; that the Missouri action did not put Objectors in a better bargaining position than that of Plaintiffs here; and where the Missouri action concerned purchases of Roundup only for personal, family, or household use, but where the instant action aimed to

settle claims as to all consumer purchasers of Roundup. Objectors point to other cases where we have found an abuse of discretion in class action settlements because of stronger parallel litigation. *See, e.g.*, *Kim v. Allison*, 8 F.4th 1170, 1179 (9th Cir. 2021) (concluding the district court "so underrated the strength of plaintiff's case, so overstated the settlement value, and so overlooked the suggestions of collusion present as to collectively constitute abuse of discretion"). But Objectors show no evidence that the district court overlooked the strength of the Missouri action when it compared it to Plaintiffs' case.

      3. Finally, Objectors contend that Plaintiffs and Monsanto "cannot duck behind the mediator." But the district court's decision to approve the settlement here did not rely, even in part, on the parties' use of a mediator. When considering whether subtle signs of collusion exist, it would be permissible for a district court to consider the declaration of a U.S. Magistrate Judge describing her experience as the parties' mediator. Here, the district court considered Objectors' concerns at several stages of the litigation and did not merely take the mediator's word at face value that the settlement was fair, adequate, and reasonable. That a retired U.S. Magistrate Judge was knowledgeable about the parties' negotiations and declared that there were no signs of collusion during the mediation itself only supports, and does not detract from, the district court's rejection of Objectors' arguments.

      **AFFIRMED.**